PEOPLE ex rel. JAMES EDGECOMB, Respondents, **v.** A. J. LOOMIS, Auditor of Trinity County, Appellant.

### No. 515; June 5, 1865.

County—Purchase of Land—Mandamus to Assess Tax to Pay.— When a statute provides, as a condition precedent to a valid purchase by county supervisors, a valuation of the property in manner specifically prescribed in the act, an alleged vendor to the county, who petitions for a mandamus to have a tax levied to pay him his price, must allege that the condition had been complied with before the sale.

Pleading—Defective Petition.—When from the facts stated in a petition it does not appear that the petitioner is entitled to what he asks, the petition is to be considered as substantially defective.

MANDAMUS. Ninth Judicial District, Trinity County.

Geo. Cadwalader for respondents; Howe for appellant.

For subsequent opinion, see next page.

SHAFTER, J.—This is an application for a mandamus, compelling the defendant to draw and deliver to the relator a warrant upon the treasurer of Trinity county for three thousand eight hundred dollars on account of the purchase money of a certain lot and building alleged to have been sold by the relator to said county for the purposes of a courthouse, in December, 1863.

There are a number of questions made in the case, upon one of which only do we find it essential to pass. By the ninth section of the general act, relating to boards of supervisors and their powers (Wood's Digest, 694), it is provided: "that no purchase of real property shall be made by them, unless the value shall have been previously estimated by three disinterested persons appointed by the county judge." The general act has not been altered in this particular by the act of 1863, authorizing the board of supervisors of Trinity county to levy a tax for a county building fund: Acts 1863, p. 55. The estimate of value provided for in the ninth section of the general act is a limitation upon the power of the board of supervisors to purchase; and as there is no allegation in the petition that such prior estimate was ever made, the petition must be dismissed for want of facts. And it is so ordered.

We concur: Sanderson, C. J.; Rhodes, J.; Currey, J.; Sawyer, J.